IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL C. HARRIS, | No. 4:21-CV-01111 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN SCI-ROCKVIEW, | |
| Respondent. | |

MEMORANDUM OPINION

FEBRUARY 28, 2022

Petitioner Daniel C. Harris is serving a life sentence for criminal homicide and unlawful possession of a firearm. He is currently incarcerated at the State Correctional Institution, Rockview (SCI Rockview), in Bellefonte, Pennsylvania. Harris filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his 2013 state-court conviction and sentence. Because Harris has plainly failed to meet the time limitations for federal habeas review, the Court must deny his petition.

I.  BACKGROUND

In January 2013, Harris was convicted by a jury of criminal homicide[1] and unlawful possession of a firearm.[2] [3] He was sentenced to an aggregate term of life

---
1    18 PA. CONS. STAT. § 2501(a).
2    18 PA. CONS. STAT. § 6105(a)(1).
3    *See* Doc. 17-1 at 2; *Commonwealth v. Harris*, No. 1291 MDA 2013, 2014 WL 10803069, at
     *1 (Pa. Super. Ct. Aug. 22, 2014) (nonprecedential).

imprisonment by the Court of Common Pleas of Dauphin County, Pennsylvania.[4]

Harris appealed his conviction and sentence, which were affirmed by the Superior Court of Pennsylvania on August 22, 2014.[5] The Supreme Court of Pennsylvania denied his petition for allowance of appeal on January 27, 2015.[6] It does not appear that Harris filed a petition for a writ of certiorari with the Supreme Court of the United States, and thus his conviction and sentence became final on April 27, 2015, when the time for requesting such a writ expired.[7]

Harris did not seek state post-conviction relief until July 31, 2017[8]—826 days after his conviction and sentence became final. From the Dauphin County Court of Common Pleas' docket sheet, it appears that Harris filed his petition under Pennsylvania's Post Conviction Relief Act (PCRA)[9] *pro se* and PCRA counsel was appointed the following month.[10] Harris's PCRA counsel subsequently filed a *Turner*/*Finley*[11] no-merit letter, indicating that he did not believe there were any arguable issues on which to seek post-conviction relief.[12]

---

[4] *Harris*, 2014 WL 10803069, at *1.
[5] *See id.*
[6] Doc. 17-1 at 7; *Commonwealth v. Harris*, 108 A.3d 34 (Pa. 2015) (table).
[7] *See* 28 U.S.C. § 2244(d)(1)(A); *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (citing *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)).
[8] Doc. 17 ¶¶ 8-9; Doc. 17-1 at 7.
[9] 42 Pa. Cons. Stat. § 9541 *et seq.* (Pennsylvania's corollary to federal habeas corpus relief).
[10] *See* Doc. 17-1 at 7-8.
[11] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988).
[12] Doc. 17-1 at 8.

On January 3, 2018, the trial court, now acting as the PCRA court, issued an order denying post-conviction relief.[13]  Harris, however, did not file a notice of appeal until February 15, 2018, approximately 13 days after expiration of the 30-day deadline for appeal established by Pennsylvania Rule of Appellate Procedure 903(a).[14]  On April 16, 2018, the Superior Court ordered Harris to show cause why his late-filed appeal should not be quashed as untimely.[15]  Harris responded to the show-cause order but, according to the Superior Court, "did not present legal argument to justify" the delay or establish appellate jurisdiction, so the Superior Court quashed his PCRA appeal on May 3, 2018.[16]  The record does not indicate whether Harris appealed the Superior Court's decision to quash his PCRA appeal.

Harris filed the instant Section 2254 petition on June 23, 2021, over three years after his PCRA appeal was quashed by the Superior Court.[17]  The Court issued a standard order pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2020), warning Harris of the statutory limitations on filing second or successive habeas petitions and granting him the opportunity to withdraw his petition to file an all-

---

[13]  *Id.*; Doc. 17-2 at 2.
[14]  Doc. 17-1 at 8; Doc. 17-2 at 2.  It appears that Harris sought to file his notice of appeal *nunc pro tunc*.  Doc. 17-1 at 8.
[15]  Doc. 17-2 at 2.  Respondent asserts that the defect with Harris's appeal was that Harris appealed a non-final order.  *See* Doc. 17 ¶¶ 10-11.  This assertion does not align with the docket sheet from the Superior Court.  In any event, this inconsistency is immaterial to the outcome of the instant habeas petition.
[16]  Doc. 17-2 at 2.
[17]  Doc. 1.

inclusive one or to stand on his petition as filed.[18]  Harris returned his election form indicating that he desired to have his petition ruled on as filed,[19] but simultaneously filed an "amended" Section 2254 petition.[20]

Respondent raises only one argument in response to Harris's petition: that Harris's Section 2254 statute of limitations has long since expired and Harris has neither shown a basis for tolling nor proffered any evidence to demonstrate actual innocence.[21]

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.[22]  In most cases, and as relevant for Harris's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[23]  The AEDPA expressly provides for tolling of this

---

[18] Doc. 7.
[19] Docs. 13, 15.
[20] Doc. 14.  This amended petition, like the original, is signed by Dorothy Watson, Harris's "girlfriend," and indicates that Harris "cannot do the paperwork because he is in prison and [doesn't] understand the justice system."  Doc. 14 at 15; *see also* Doc. 1 at 14.  The Court need not determine whether Watson can file a habeas petition on Harris's behalf because both the original and amended Section 2254 petitions are plainly time-barred.  *See infra* Section II.
[21] *See* Doc. 17 ¶¶ 12-13.  Respondent does not delineate whether "actual innocence" means a gateway (procedural) actual-innocence claim or a freestanding (substantive) actual-innocence claim.  *See Reeves v. Fayette SCI*, 897 F.3d 154, 160 n.4 (3d Cir. 2018) (explaining the difference).  This distinction, however, does not matter for the instant petition because Harris cannot meet even the less stringent showing for a gateway actual-innocence claim.
[22] *See* 28 U.S.C. § 2244(d)(1).
[23] *Id.* § 2244(d)(1)(A).

4

limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[24]

As explained above, Harris's state conviction and sentence became final on April 27, 2015—the last day on which Harris could seek certiorari from the United States Supreme Court.[25] But Harris waited 826 days before filing his application for state post-conviction relief, long after his federal habeas statute of limitations expired and well beyond the reach of Section 2244(d)(2)'s tolling provision.[26] Accordingly, Harris's Section 2254 petition is time-barred unless he can establish some basis for equitable tolling.[27]

Harris does not provide any such basis. Construed liberally, his petition appears to argue that equitable tolling should apply because he is untrained in the law and uninformed about the criminal justice system.[28] However, a "lack of legal knowledge or legal training does not alone justify equitable tolling," even when a petitioner is incarcerated and proceeding *pro se*.[29]

---

[24] *Id.* § 2244(d)(2) (emphasis added).
[25] *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 268 (3d Cir. 2022).
[26] *See id.* at 271-72 (holding that, even if a state court accepts a late-filed PCRA petition or appeal, there is no tolling of AEDPA's limitations period prior to that acceptance because there is no PCRA petition "pending" during this time as required by Section 2244(d)(2)).
[27] *See id.* at 272.
[28] *See* Doc. 18 at 1, 2.
[29] *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (citation omitted); *see also Martin*, 23 F.4th at 273 (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.")).

At one point in his original petition, Harris appears to raise a claim of newly discovered evidence of his alleged innocence.[30] He asserts that one of the prosecution's eyewitnesses—Charles Long—never actually identified him in a 2012 pretrial photographic lineup that was later used against him at trial, and that he "just found out this new information."[31]

If Harris intends to assert an actual innocence claim to circumvent the AEDPA's statute of limitations,[32] his claim falls short. The evidence he has provided, even if assumed to be "new" and "reliable"[33] (which Harris has not established), does not "show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."[34] In particular, another eyewitness—Tandras Jones—also identified Harris as the shooter in a pretrial photo array and testified at his trial that he was the gunman.[35] Consequently, Harris cannot avoid the AEDPA's statute of limitations with his actual innocence claim based on purported deficiencies with Long's pretrial identification.

In short, Harris's federal habeas petition is barred by the AEDPA's statute of limitations. He also has not established a basis for statutory or equitable tolling of

---

[30] *See* Doc. 1 at 6-7.
[31] *See id.*; Doc. 16 at 2-3.
[32] *See Reeves*, 897 F.3d at 160.
[33] *Id.*
[34] *Id.* (internal quotation marks omitted) (quoting *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010)).
[35] *Harris*, 2014 WL 10803069, at *1, 3.

6

that limitations period.  His Section 2254 petition, therefore, must be denied.[36]

## III.   CONCLUSION

For the foregoing reasons, the Court will deny Harris's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court will likewise deny a certificate of appealability, as Harris has failed to make a substantial showing of the denial of a constitutional right.[37]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36]   *See Jones*, 195 F.3d at 161.
[37]   *See* 28 U.S.C. § 2253(c).